THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUTH G. RUSHTON

    Plaintiff,

v.

CAROLYN W. COLVIN

    Defendant.

3:14-CV-2208
(JUDGE MARIANI)

## ORDER

AND NOW, THIS 30th DAY OF OCTOBER, 2017, upon *de novo* review of Magistrate Judge Cohn's Report & Recommendation ("R&R") (Doc. 22), Plaintiff's Objections thereto (Doc. 25), Defendant's Response (Doc. 26), Plaintiff's Reply (Doc. 27), and all other supporting and opposing briefs and documentation, **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation (Doc. 22) is **ADOPTED**, for the reasons discussed therein and explained below.

2. Plaintiff's Objections (Doc. 25) are **OVERRULED**. The Magistrate Judge did not commit reversible error in recommending that the Plaintiff's Appeal be denied because the R&R applies the correct standard of review. On pages 3–5 of the R&R, the Magistrate Judge gives a detailed analysis of what a claimant must demonstrate to prove disability and the standard of review the district court must use, including the principle that "substantial evidence" meant "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Doc. 22

(citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Plaintiff did not object to these pages devoted to the standard of review, but only focuses on one phrase made in passing in the R&R while ignoring the correct recitation of the standard made on pages 3–5. The magistrate judge used the correct standard in reviewing the ALJ's decision.

3. The magistrate judge did not misapply the rule of according deference to treating physicians' opinions. The rule gives "more weight to medical opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). The magistrate judge did not rely on the treating physicians' opinions for the ultimate issue of whether the plaintiff is disabled, but rather, the portions of the physician opinions quoted in the R&R clearly address plaintiff's symptoms and the nature and severity of her impairments, which are accorded deference. R&R, at 6–8, 13.

4. The magistrate judge properly found that the ALJ did not err by failing to include limitations related to Plaintiff's delayed gastric emptying disorder. Dr. Callahan, who made the delayed gastric emptying disorder diagnosis, opined that plaintiff is not disabled. *Id.* at 12. Furthermore, Plaintiff does not assert any limitations caused by delayed gastric emptying disorder that would be relevant to the ALJ's step five determination, which the magistrate judge found to be supported by substantial evidence, in part based on the vocational expert's testimony that she

had "dealt with 'thousands' of job placements, including placing persons with significant hand injuries similar to – and even worse than – plaintiff's impairment." *Id.* at 17–18 (quoting Tr. 148–49).

5. The Commissioner's decision is **AFFIRMED**.

6. The Clerk of Court is directed to **CLOSE** this case.

                                                */s/ Robert D. Mariani*
                                                Robert D. Mariani
                                                United States District Judge